## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **WESTWOOD ONE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. 1:21-cv-00088-HAB-SLC |
| | ) | |
| **LOCAL RADIO NETWORKS, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Before the Court is a joint motion for entry of a stipulated protective order, seeking the Court's approval and entry of a proposed protective order agreed to by the parties pursuant to Federal Rule of Civil Procedure 26(c). (ECF 26). Because the proposed order (ECF 26-1) is inadequate in various ways, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v.*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (ECF 26-1 ¶¶ C.3, C.4), it requires a higher level of scrutiny.

*Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information.  Instead it allows a party to designate material confidential if it "constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such . . . material."  (ECF 26-1 ¶ A.1).  Generic terms such as "confidential," "proprietary," and the like are far afield from a narrowly demarcated category. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

"If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249.  "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.*  For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248.  Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar.

28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Also, the proposed order allows counsel to protect documents if they "include[], in whole or in part" protected information.  (ECF 26-1 ¶ A.1).  But documents that merely contain some confidential information should not be filed under seal in their entirety, but instead should be redacted.  *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Further, the proposed order states that the Court will retain jurisdiction over the parties and the protective order following termination of this litigation.  (ECF 26-1 ¶ F.4).  The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case.  *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents."  *Cincinnati Ins. Co.*, 178 F.3d at 946.  The proposed order, however, does not contain this language.  "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."  *Id.* at 945.

3

For these reasons, the Court DENIES the Agreed Motion for Entry of a Protective Order (ECF 26) without prejudice and declines to enter the parties' proposed agreed protective order (ECF 26-1).  The parties may submit another motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 28th day of May 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

4