UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WESTWOOD ONE, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:21-cv-00088-HAB-SLC |
| | ) |
| LOCAL RADIO NETWORKS, LLC, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Before the Court in this patent-infringement case is a motion to amend (ECF 81) filed by Plaintiff Westwood One, LLC ("Westwood"), on July 24, 2023, together with a supporting memorandum (ECF 82) and exhibits (ECF 83, 83-1 to 83-9, 89, 89-1 to 89-9), seeking leave of Court to file a proposed second amended complaint (ECF 89-1) that adds two defendants—Swick Broadcasting Company ("SBC") and Christopher Reeves, also known as Chris Darrington ("Reeves")— and six new claims. Defendant Local Radio Networks, LLC ("LRN"), filed a response in opposition to the motion on August 7, 2023, together with supporting exhibits. (ECF 92, 92-1). Westwood filed a reply brief on August 14, 2023, together with additional supporting evidence. (ECF 94, 95, 95-1 to 95-4).[1] The motion is now ripe for ruling. For the following reasons, the motion to amend will be GRANTED.[2]

*A. Factual and Procedural Background*

On March 2, 2021, Westwood, an audio network, filed this action against LRN, a competing radio broadcasting business, alleging that LRN infringed Westwood's United States

---

[1] Westwood also filed motions to seal its memorandum in support and reply brief in their entirety. (ECF 86, 96). The Court will address those motions in a separate order filed contemporaneously herewith.

[2] Westwood also filed a request for oral argument on the motion to amend. (ECF 85). The Court finds that oral argument is unnecessary, and thus that motion will be denied.

Patent Nos. 7,860,448 ("the '448 Patent") and 7,412,203 ("the '203 Patent") by making, using, selling, offering for sale, and importing its Radio Velocity Control ("RVC") computer hardware and software technology. (ECF 1 ¶¶ 1, 6, 13, 37; *see* ECF 82 at 2). LRN filed a motion for judgment of invalidity on May 17, 2021 (ECF 18), and the Court stayed discovery pending the District Judge's ruling on the motion (ECF 28). On May 24, 2021, Westwood filed an amended complaint (ECF 29), rendering the motion for judgment of invalidity moot (ECF 30). However, on June 15, 2021, LRN filed another motion for judgment of invalidity based on the amended complaint. (ECF 35).

On January 21, 2022, the District Judge denied LRN's motion for judgment of invalidity. (ECF 45). The parties filed an amended report of parties' planning meeting on February 14, 2022, and two days later, the Court held a preliminary pretrial conference. (ECF 50, 51). The Court entered a scheduling order thereafter in accordance with Federal Rule of Civil Procedure 16(b), setting a fact and expert discovery deadline of "210 days after entry of the Court's claim construction order." (ECF 52 ¶ 3). As to any amendments to the pleadings, the Court wrote:

> The last date to amend the pleadings without leave of Court is the date by which N.D. Ind. L.P.R. 71-(b)(1) exchanges are due. Otherwise, the last date for the parties to seek leave of Court to amend the pleadings is 28 days after entry of the Court's claim construction order.

(*Id.* ¶ 4 (emphasis omitted)). Upon joint motions by the parties, the Court subsequently extended these deadlines to: July 22, 2024, for the completion of fact and expert discovery; May 23, 2022, for amending pleadings without leave of Court; and July 24, 2023, for seeking leave of Court to amend pleadings. (ECF 56, 57, 78, 79, 99, 100). The Court also set a deadline of March 21, 2024, for the filing of dispositive motions, which was later extended to August 22, 2024. (ECF 79, 99, 100). On April 25, 2023, the District Judge issued her Opinion and Order on claim

2

construction. (ECF 77).

Westwood filed the instant motion to amend its complaint on July 24, 2023, the deadline for the parties to seek leave of Court to amend the pleadings. (ECF 81). In the proposed amendment, Westwood seeks to add two defendants: SBC, a broadcasting company owned by Steve Swick, who also owns LRN; and Reeves, an LRN employee who was formerly employed by Westwood. (ECF 82 at 1-3). Westwood claims that it recently received through LRN's disclosure of additional responsive discovery documents: (1) substantial evidence of the full scope of patent infringement and SBC's role therein, and (2) substantial evidence that Reeves "was secretly leaking Westwood's . . . confidential and trade secret information to SBC/LRN for years before he officially resigned from Westwood . . . ." (ECF 82 at 7 (emphasis omitted)). In its proposed amended complaint, Westwood expands its operative two-count patent infringement complaint against LRN (ECF 29) to an eight-count complaint against LRN, SBC, and Reeves, which includes two counts of patent infringement against LRN and SBC; breach of contract and breach of fiduciary duty claims against Reeves; a tortious interference with contract claim against LRN and SBC; and tortious interference with contract or business relationship and state and federal trade secret misappropriation claims against all Defendants (ECF 89-1).

LRN opposes the motion, contending that leave to amend should be denied because Westwood unduly delayed in seeking to amend its complaint and the amendment would prejudice LRN. (ECF 92 at 6-8). LRN also argues that Counts III through VIII of the proposed amended complaint are futile as time-barred by the statute of limitations, and further, that Counts III and V fail to state a claim upon which leave can be granted. (ECF 92 at 8-16). As already stated, the motion to amend is now ripe for ruling.

### *B. Standard of Review*

As recited above, under the Court's Scheduling Order and subsequent extensions, Westwood had to and including July 24, 2023, to seek leave of Court to amend its complaint. Westwood filed the instant motion on that deadline, and thus, the motion is timely filed under Federal Rule of Civil Procedure 16(b). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (acknowledging that Federal Rule of Civil Procedure 15(a)(2) "is in some tension with the rule that governs scheduling orders, [Rule] 16"). Accordingly, the Court need not consider the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied. *See id.*

Rule 15(a)(2) states that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Having said that, "[d]istrict courts may deny leave to amend . . . where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith." *White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022) (alterations in original) (citation and internal quotation marks omitted); *see also Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (stating that leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment" (citation omitted)).

Further, "[w]hen a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated." *MetLife Invs. USA Ins. Co. v. Lindsey*, No. 2:16-cv-97-JD-JEM, 2016 WL 10749158, at *1 (N.D. Ind. June 3, 2016) (citation omitted). This rule states that defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *Id.* (quoting Fed. R. Civ. P. 20(a)(2)). "The standard for permissive joinder under Rule 20 is liberal . . . ." *Id.* (citation omitted). "[C]ourts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Id.* (citations omitted).

Ultimately, "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted); *see Law Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022) ("We review the denial of a motion to amend for an abuse of discretion." (citation omitted)). "[D]istrict courts must offer a reasonable explanation for denying an amendment and not simply provide an outright refusal." *White*, 48 F.4th at 860 (citations and internal quotation marks omitted); *see also Chamara*, 24 F.4th at 1133.

### C. Discussion

1. <u>Undue Delay</u>

LRN argues that Westwood unduly delayed in seeking to amend its complaint. Westwood, however, claims it only recently received certain discovery responses from LRN that revealed substantial evidence supporting its new claims against SBC and Reeves.

    *a. Westwood's Arguments*

Westwood states that after it followed up with LRN multiple times for responsive documents and information, Westwood received an additional 333 documents in discovery from LRN on May 22, 2023. (ECF 82 at 4 (citing ECF 83 ¶ 11)). Included in those documents was an email dated February 16, 2015, that Westwood claims "discloses trade secret theft and improper

5

use of Westwood['s] . . . confidential information" by Reeves to LRN personnel. (*Id.* at 4-5 (citing ECF 89-5)). Also, on July 20, 2023, LRN produced an email dated January 28, 2015, in which Reeves sent a screen shot of Westwood's patented STORQ program to Swick, who LRN identified as an individual with knowledge regarding the development of the accused products. (*Id.* at 5-6 (citing ECF 89-6); *see* ECF 89-4 at 5). Westwood asserts that Reeves was its employee at the time he sent these two emails, and thus subject to various Westwood employment agreements that prohibited the sharing of its intellectual property, technology, and confidential information. (ECF 82 at 6 (citing ECF 89-7)).

Westwood also points to a "newly produced email" dated November 11, 2015, which it contends shows Reeves "was working to move talent from Westwood . . . to LRN" while he was still employed by Westwood. (*Id.* (citing ECF 89-8 at 3 ("I am a voice taking talent with Westwood . . . and close friends with Chris Reeves there. A couple of years ago, he let me in on what you guys were putting together and that you would probably be needing old pros for air talent . . . ."))). Westwood argues that this recent production by LRN "provides substantial evidence Mr. Reeves was secretly leaking Westwood['s] . . . confidential and trade secrets information to SBC/LRN for *years* before he officially resigned from Westwood . . . ." (*Id.* at 7 (second alteration in original)).

As to SBC, Westwood contends that the "full scope of patent infringement—and SBC's role therein—also emerged recently." (*Id.*). Westwood points to a June 29, 2023, email from LRN's counsel that "connect[ed] the accused RVC Automation System (referenced in LRN's documents) with an automation technology called Rivendell." (*Id.* (citing ECF 83-8 at 2)). Westwood states that following this June 29, 2023, disclosure, Westwood was "able to determine that in addition to patent infringement by LRN, the activities of SBC also constituted

6

infringement," but that prior to this, it did not have sufficient factual evidence to assert a patent infringement claim against SBC. (*Id.* at 7-8). Westwood further asserts that LRN only recently began producing documents revealing the close ties that exist between LRN and SBC. (*Id.* at 8-9 (citing ECF 89-5, 89-6)).

      *b. LRN's Response*

LRN responds that Westwood "had ample time and information upon which to investigate and pursue claims against [SBC and Reeves] before filing the case in the first place, and made an intentional and strategic choice not to do so." (ECF 92 at 6-7). Specifically, LRN points to a May 2020 pre-suit letter in which Westwood's counsel accused Reeves and other now-LRN employees of misusing Westwood's proprietary technology and "market and affiliate information." (*Id.* at 7 (citing ECF 92-1 at 4-6)). Similarly, in a June 2020 pre-suit letter, Westwood's counsel wrote that Westwood was "more than merely suspect that LRN has induced Westwood . . . customers to leave Westwood," and that some of its former executives "used Westwood . . . proprietary information for the benefit of LRN." (*Id.* (citing ECF 92-1 at 8-9)).

LRN further observes that Westwood mentioned Reeves by name in its original complaint filed on March 2, 2021 (*id.* (citing ECF 1 ¶¶ 32, 56)), asserting that he and other former Westwood employees were attempting to use their "knowledge of the workings of Westwood's patented program . . . to lure customers away from Westwood . . . " (ECF 1 ¶ 56). LRN contends that such pre-litigation correspondence "confirms that [Westwood] knew or should have known that potential additional claims existed, at least against Reeves," before it ever filed this case. (ECF 92 at 7). As LRN sees it, Westwood obtained additional information relevant to these claims during discovery "and could have conducted its own internal investigation related to Reeves as a former employee," yet "offers no explanation for its lack of

due diligence." (*Id.*). LRN further contends that the fact that LRN and SBC had a common Chief Executive Officer, Swick, was public information that Westwood "knew or could have easily discovered" earlier in this case, particularly given that LRN disclosed Swick's name in written discovery more than a year ago. (*Id.* (citing ECF 83-4 at 4 (identifying Swick as having information about LRN's "overall business operations, business development, and known practices and methods of doing business within the industry"))).

      *c. Analysis*

Undue delay alone is generally insufficient grounds to deny leave to amend. *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted); *see East v. Dimon*, No. 2:19-CV-451-HAB, 2021 WL 929668, at *1 (N.D. Ind. Mar. 11, 2021) ("Motions for leave to amend are generally denied based on undue delay when they are filed long after the filing of the original pleading and after extensive litigation." (citation omitted)). "Generally, undue delay occurs when a motion to amend would 'transform' or prolong the litigation unnecessarily." *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1999 WL 92894, at *2 (N.D. Ill. Feb. 17, 1999) (citing *Eckstein v. Balcor Film Invs.*, 58 F.3d 1162, 1170 (7th Cir. 1995)); *see also Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-CV-008-PPS, 2010 WL 3239319, at *2 (N.D. Ind. Aug. 13, 2010).

LRN contends that Westwood "has had information to bring these claims and add the proposed new defendants for years," and that adding them now would needlessly prolong and expand this litigation. (ECF 92 at 5). There is no evidence, however, that Westwood is offering the amendment "in bad faith or for dilatory purposes." *East*, 2021 WL 929668, at *1. Rather, Westwood explains that while it had "suspicion that former executives used [its] information

after they left Westwood . . . for LRN," "[s]uspicion alone does not satisfy Rule 11[.]" (ECF 94 at 4). Westwood emphasizes that it "had no access in 2020 to the information on which its new claims are based" (*id.*), and not until recently through discovery did it gain sufficient factual evidence to assert the claims against SBC and Reeves (ECF 82 at 8-9). *See, e.g.*, *Hively v. Ivy Tech Cmty. Coll.*, No. 3:14-CV-1791-MD-MGG, 2018 WL 3198888, at *4 (N.D. Ind. May 4, 2018) (granting the plaintiff's belated motion to amend where the court was "not persuaded that [the plaintiff] had all the facts in hand to justify a retaliation claim before [the defendant's] . . . [recent] discovery responses").

The motion to amend here has been filed pursuant to the deadlines agreed to by the parties and adopted by the Court. (*See* ECF 78, 79). "Even in the presence of factors that may demonstrate undue delay, a motion to amend that is filed within the deadline to do so will almost always be granted." *East*, 2021 WL 929668, at *1 (collecting cases). It is true that adding these defendants and claims will likely require the extension of the discovery period and dispositive motions deadline, prolonging this case to some extent. While that is of concern to the Court given that this is a 2021 case, judicial economy will still be furthered by addressing all of these claims in one action, rather than through piece-meal litigation if the motion to amend were denied, resulting in Westwood filing a separate suit for related claims. *See Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 1:17-cv-8829, 2021 WL 1923404, at *4 (N.D. Ill. May 13, 2021) ("Delay is not a significant problem if everything else stays on track, and there are minimal costs and disruptions."). Indeed, LRN has not suggested that the new defendants would be improperly joined under Rule 20. As such, the Court sees no reason to deny Westwood's motion to amend solely on the grounds of undue delay.

2. Prejudice

In tandem with its undue delay argument, LRN contends that allowing the amendment would prejudice LRN, as it "would add new defendants with distinct, state law tort and contract claims with factual issues and legal elements that go well beyond [Westwood's] original patent claims." (ECF 92 at 8). As LRN sees it, adding claims for breach of contract, tortious interference, and trade secret misappropriation would "require new written discovery, forensic expertise and investigation, and a much larger group of relevant fact witnesses to be deposed, prolonging the case significantly just as discovery on the original patent claims nears an end . . . ." (*Id.*).

As stated earlier, "[d]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason . . . is prejudice to the non-moving party." *Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019) (second alteration in original) (citation omitted). An amendment may be prejudicial when it would require the parties to engage in substantially more discovery. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993). "Undue prejudice occurs when the amendment brings in entirely new and separate claims . . . . and when the additional discovery is expensive and time-consuming." *Hively*, 2018 WL 3198888, at *4 (alteration in original) (citation omitted).

Westwood disclaims any assertion of prejudice on three bases. First, Westwood argues that the new defendants and claims are "closely tied" to Westwood's patent infringement claims and LRN's existing defenses, and thus, "[t]he parties overlap and are related," reducing any risk of prejudice. (ECF 82 at 12). In that regard, Westwood asserts that both LRN and SBC are owned and managed by Swick and that Reeves is an employee of LRN, such that "[d]iscovery

for all of the claims will include how LRN and SBC developed the accused products, and who played a role in that process." (*Id.*). Second, Westwood argues that LRN is already in possession of the discovery relating to these claims, given that "[t]he new parties and new claims revolve around LRN, its employees and related companies' behavior." (*Id.*); *see Hively*, 2018 WL 3198888, at *6 (granting the motion to amend where the defendant did not suggest that there is any information relevant to the new claim not already in its possession or that such discovery would be unduly expensive or time-consuming). And third, Westwood notes that discovery is still ongoing, such that seven months remained in the discovery period when it filed this motion and the parties had yet to depose any witnesses. (ECF 82 at 13).[3]

Ultimately, "being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amending pleadings." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) (citation omitted). "If such prejudice were considered undue, then amended pleadings would rarely be permissible." *Id.* Given that discovery remains open through July 22, 2024, there is adequate time remaining in the discovery period to address the new claims against the new defendants, and even if not, the discovery period can be further extended if necessary. LRN has not argued that such additional discovery will be unduly expensive or time consuming, and no trial date has yet been set in this matter. As such, the Court will not deny the motion to amend based on the grounds of prejudice coupled with undue delay.

---

[3] While the motion to amend was pending, the Court granted a joint motion by the parties to further extend the discovery deadline to July 22, 2024. (ECF 99, 100). Thus, more than eight months still remain in the discovery period now.

3. Futility

Lastly, LRN argues that Westwood's attempt to add the six new claims in Counts III through VIII should be denied as futile. (ECF 92 at 8-16). "Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Ellmann v. Amsted Rail Co.*, No. 2:17-cv-361, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018) (citations omitted); *see Reardon*, 2018 WL 1603381, at *2 ("[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." (citation omitted)). LRN claims that Counts III through VIII of the amended complaint are futile because they are all time-barred by the applicable statute of limitations, and further, because Counts III and V fail to state a contract-based claim for which relief can be granted. (ECF 92 at 9-10).[4]

"Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7, 2018) (collecting cases); *see also Carteaux v. Town of Rome City*, No. 1:22-cv-00445-HAB-SLC, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023). Here too, LRN's arguments on the sufficiency of Counts III through VIII, "even if merited, remain better left for full briefing on a [dispositive motion]." *Id.* at *2 (collecting cases); *see also Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss . . . ."). "Unless it is

---

[4] LRN does not argue that the patent infringement claims in Counts I and II of the amended complaint against LRN and SBC are futile.

*certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (citation omitted)). That is, "a motion to amend should only be denied as 'futile' if the proposed amendment is frivolous on its face." *Zachery v. Javitch Block, LLC*, No. 1:22-cv-02261-JRS-MKK, 2023 WL 4236031, at *5 (S.D. Ind. June 28, 2023) (citation omitted).

Here, the proposed amended complaint is not frivolous on its face such that the motion to amend should be denied. While LRN claims that all six new claims are barred by the applicable statute of limitations, the parties dispute which state-law applies and when Westwood reasonably could have discovered the existence of these claims such that the applicable statute of limitations began to run. (ECF 92 at 10-13; ECF 94 at 7-12). In any event, "[c]ourts seldom dismiss claims under Rule 12(b)(6) for failure to be brought within the statute of limitations, because the statute of limitations is an affirmative defense." *United Nat. Foods, Inc. v. Teamsters Loc. 414*, No. 1:21 CV 0020 HAB-SLC, 2022 WL 767165, at *7 (N.D. Ind. Mar. 14, 2022) (citing *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014)). Further, though LRN argues that Counts III and V fail to state a claim upon which relief can be granted because they "fail[] to establish the existence of a valid agreement" (ECF 92 at 13), a complaint must only plausibly allege the existence of a contract, not establish it. *See United Nat. Foods, Inc.*, 2022 WL 767165, at *7-8. "A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits." *Id.* at *7 (citation omitted).

To reiterate, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Westwood filed the motion to amend by the deadline agreed to by the parties and approved by the Court, and LRN has not shown that it will be unduly prejudiced by

13

the amendment, given that discovery remains open through July 22, 2024, and can be further extended if necessary, and no trial date has been set. Therefore, the motion to amend will be granted. LRN's remaining arguments that the amendment is futile are more appropriately brought in a fully-briefed dispositive motion after the amended complaint is filed.

### D. Conclusion

For the foregoing reasons, Westwood's motion to amend complaint (ECF 81) is GRANTED. Westwood is AFFORDED to and including November 9, 2023, to file the amended complaint (ECF 89-1) and its exhibits (ECF 89-2). Westwood's request for oral argument (ECF 85) is DENIED as unnecessary.

SO ORDERED.

Entered this 2nd day of November 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge